United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30127
Summary Calendar
_____

DEBORAH H. COKER,

Plaintiff-Appellant,

versus

DIXIE MOTORS, INC.; LOUISIANA
INSURANCE GUARANTY ASSOCIATION,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(01-97-R-5)
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Deborah Coker appeals from district court's summary judgment dismissing all of her claims against Defendant-Appellee Dixie Motors, Inc. ("Dixie"), some of its employees and officers, and its insolvent insurer, on behalf of which Defendant-Appellee Louisiana Insurance Guaranty Association ("LIGA") had intervened. Coker asserted claims under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act, as well as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state law claims under Louisiana law. Coker's claims were grounded in allegations of discrimination on the basis of her sex through creation of a hostile work environment, pay below a similarly-situated male employee, and constructive discharge.

Dixie filed a motion for summary judgment seeking dismissal of Coker's claims. Dixie asserted that the individuals who purportedly created the hostile work environment were not employees of Dixie but of a separate entity in which Dixie owned 50% of the stock and thus had neither legal nor actual control of that entity or its employees. Dixie also contended that Coker's Equal Pay Act claim could not succeed because the male employee with whom Coker sought to be compared was not similarly situated. And, Dixie insisted that Coker had failed to allege or adduce facts sufficient to create a genuine dispute about constructive discharge.

In a lengthy, detailed, and well-reasoned opinion entitled Order and Reasons, the district court fully explicated the basis for its grant of Dixie's motion for summary judgment dismissing Coker's action. Thereafter, Coker sought reconsideration and the district court issued comprehensive supplemental opinions explaining its denial of rehearing.

On appeal, Coker contends generally that the district court erred in granting Dixie's motion for summary judgment, specifically complaining of the court's failure to order joinder of parties and to grant Coker's motions for reconsideration, as well as the

2

court's refusal to decline to exercise supplemental jurisdiction over Coker's state law claims.

In addition to considering the opinions of the district court granting summary judgment of dismissal of Coker's complaint and denying reconsideration, we have carefully reviewed the appellate briefs of counsel for the opposing parties and the entire record on appeal. Based on our consideration of the foregoing and our application of the pertinent law to the operable facts in the light most favorable to Coker as non-movant, we are firmly convinced by our de novo review that the district court's grant of summary judgment dismissing Coker's claims was legally correct and supported by the facts when viewed most favorably to Coker and the law applicable thereto; and we are equally satisfied that the district court properly exercised its discretion in denying rehearing and in considering and disposing of Coker's state law claims. For essentially the reasons set forth in the writings of the district court, we affirm the dismissal of Coker's action, including her state law claims, and also affirm the court's denial of her motions for rehearing.

AFFIRMED.